UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**DIANNA PLOSS,**

     Plaintiff,

v.

**THE TOWN OF WINTHROP,
WINTHROP POLICE DEPARTMENT,
WINTHROP POLICE OFFICER
ANDREW BIGGIO,**

     Defendant,

**Civil Action No.:**

## COMPLAINT AND JURY TRIAL DEMAND

### I. PARTIES

1. Plaintiff, Dianna Ploss, (hereinafter, the "Plaintiff") is a resident of Boston, Suffolk County, Commonwealth of Massachusetts.

2. Defendant, the Town of Winthrop (hereinafter, the "Town") in a municipal corporation chartered and existing under the laws and Constitution of the Commonwealth of Massachusetts.

3. Defendant, Winthrop Police Department (hereinafter, "Winthrop PD") is an agent of the municipality known as the Town of Winthrop and has an address of 3 Metcalf Square, Winthrop, Massachusetts 02152.

4. Defendant, Winthrop Police Officer Andrew Biggio (hereinafter "Biggio") was, at all times relevant hereto, a duly authorized Police Officer for the Town of Winthrop

5. Collectively, both named Defendants will be referred to as the "Defendants".

1

## II.  JURISDICTION

6.  The Court has jurisdiction in this matter pursuant to 28 U.S.C §1331, 28 U.S.C

§1343, and 42 U.S.C § 1983. Additionally, the Court may exercise supplemental

subject matter jurisdiction over all of Plaintiff's state law claims under 28 U.S.C §

1367.

## III.  FACTS

7.  On or about October 15, 2020, Plaintiff exercised her First Amendment rights by

attending the weekly rally which was held in support of then-President Donald J.

Trump (hereinafter, the "Rally").

8.  The rally was located directly across the street from the Winthrop PD at 3 Metcalf

Square, Winthrop, Massachusetts 02152.

9.  At approximately 1:00 P.M. on October 15, 2020, Plaintiff was stalked and harassed

by an individual named Stephen Schafer (hereinafter, "Schafer") while she

exercised her First Amendment rights.

10.  Schafer harassed Plaintiff by stalking her while holding a sign which read "Doms

for Dianna" while dressed in a sadomasochist outfit, which had openings exposing

his underwear.

11.  While continuously stalking and harassing Plaintiff, Schafer stated in front of

officers of the members of the Winthrop Police Department, including Biggio,

"Dianna, I am going to stop by your house later on tonight, Okay? I do have your

address".

12.  Schafer had followed Plaintiff from Swampscott, Massachusetts, where she had

been at a previous rally supporting then-President Donald J. Trump.

13. Schafer had harassed and stalked Plaintiff at the Swampscott rally as well, including by following her, while yelling crude and sexual language at Plaintiff (i.e., "I will give you ten dollars to fuck me up the ass").

14. Schafer repeatedly stalked and harassed Plaintiff by chasing her around the Rally in full view of at least five (5) officers of the Winthrop Police Department, including Biggio, who failed to uphold their duty and prevent the repeated harassment of Plaintiff.

15. Schafer's behavior towards Plaintiff was so egregious that Winthrop Police Chief Terence Delehanty was eventually compelled to came out of the Winthrop Police Station and personally advised Schafer to, "Stop following her" and "Three (3) times following her is Criminal Harassment". She doesn't want you following her. Stop following her".

16. At this time, Schafer already had a history of stalking Plaintiff throughout Massachusetts, including West Bridgewater, Swampscott, Winthrop, Stoneham and Plymouth, and even followed Plaintiff out of state to Connecticut and Washington D.C.

17. Schafer's behavior towards Plaintiff put her in imminent fear for her life and safety.

18. The failure of the Winthrop PD to prevent the harassment of Plaintiff by Schafer directly led to the Plaintiff being in fear and imminent danger.

19. Due to failure of the Winthrop PD, Plaintiff has, and continues, to suffer with symptoms of Post Traumatic Stress Disorder (PTSD), including but not limited to nightmares, hypervigilance, hyper startle reflex, flashbacks, and avoidance of the Town.

## CLAIMS FOR RELIEF

## COUNT 1

## DEPRIVATION OF FEDERAL CIVIL RIGHTS PURSUANT TO 42 U.S.C § 1983

20. Paragraphs 1-19 are referenced and incorporated into Count I.

21. At all times relevant hereto, the Defendants were acting "under the color of state law" within the meaning of 42 U.S.C § 1983.

22. As a result of the acts of the Defendants, under the color of law, as alleged herein, and as a result of their deliberate indifference to the stalking and harassment of Plaintiff, Plaintiff was deprived of her right guaranteed to her by the laws of the Constitution of the United States of America, including her right to the free exercise of speech and assembly.

23. As a result, Plaintiff has been caused to be placed in imminent fear for her life and safety and has, and continues, to suffer with symptoms of Post Traumatic Stress Disorder (PTSD), including but not limited to nightmares, hypervigilance, hyper startle reflex, and flashbacks.

## COUNT II

## NEGLIGENCE

24. Paragraphs 1-23 are referenced and incorporated into Count II.

25. Defendants owed Plaintiff a duty of care.

26. Defendant the Town negligently breached the duty of care owed to Plaintiff by failing to properly train and monitor members of Defendant Winthrop PD, failing to arrest and charge Schafer for crimes committed in their presence, and failing to abide by the Constitution under the laws and regulations of the United States of

America and the Commonwealth of Massachusetts in failing to protect Plaintiff's

Constitutional rights.

27. Plaintiff suffered and continues to suffer injuries and damages as a result of

Defendants breach of duty to her.

28. Defendants' breaches of duty were the proximate cause of Plaintiff's injuries and

Plaintiff is entitled to be compensated for same in an amount to be determined at

trial.

29. Plaintiff has complied with all notices and presentment requirements by timely

making demand on the appropriate authority under Massachusetts General Laws

c.258. *See*, attached "**Exhibit A**"

30. The municipality defendant has failed to make a reasonable offer with respect to

such demand.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Paragraphs 1-30 are referenced and incorporated into Count III.

32. Through the conduct alleged in this Complaint, Winthrop PD, including Biggio,

intended to inflict emotional distress upon Plaintiff or knew or should have known

that emotional distress was likely to result as a result of their conduct.

33. The conduct of Winthrop PD, including Biggio, was extreme, outrageous, beyond all

possible bounds of decency and was utterly intolerable in an otherwise civilized

community.

34. The conduct of Defendants caused Plaintiff to suffer extreme emotional distress.

35. The emotional distress of Plaintiff has been severe and of a nature that no reasonable person could be expected to endure.

36. Plaintiff is entitled to be compensated for all harm caused by the emotional distress inflicted upon him by the Defendants in an amount to be determined at trial.

37. Plaintiff has complied with all notices and presentment requirements by timely making demand on the appropriate authority under Massachusetts General Laws c.258.

38. The municipality defendant has failed to make a reasonable offer with respect to such demand.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS HONORABLE COURT:**

Enter Judgment against the Defendants and for damages as follows:

1. An amount to be determined at trial of this matter, but at minimum, Two Million Dollars ("$2,000,000.00") for general costs and damages;

2. For general damages in an amount to be determined for PTSD, nightmares, hypervigilance, hyper startle reflex and flashbacks;

3. For all reasonable attorney's fees;

4. For all applicable interests and related costs;

5. For the costs of suit incurred herein, and;

6. For all other relief this Honorable Court deems meet, and just.

**<u>The Plaintiff demands a trial by jury on all counts.</u>**

Respectfully submitted,
The Plaintiff,
Dianna Ploss,
By her attorney,

DATED: October 12, 2023

*<u>/s/ Richard C. Chambers, Jr., Esq.</u>*
Richard C. Chambers, Jr., Esq.
BBO#: 651251
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 363-1773
Fax: (781) 581-8449
Email: Richard@chamberslawoffice.com